UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 13-20471

Honorable John Corbett O'Meara

v.

TREMAINE JOHNSON,

       Defendant.

                                            /

**ORDER DENYING
DEFENDANT'S APRIL 20, 2015 MOTION FOR BAIL PENDING APPEAL**

This matter came before the court on defendant Tremaine Johnson's April 20, 2015 Motion for Bail Pending Appeal. The government filed a response May 4, 2015; and Defendant filed a reply brief May 7, 2015. No oral argument was heard.

Following his September 2014 jury trial, defendant Tremaine Johnson was found guilty on two counts of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1). On January 27, 2015, the court sentenced Johnson to concurrent terms of 60 months on each count, followed by two concurrent years of supervised release. He subsequently filed notice of appeal with the United States Court of Appeals for the Sixth Circuit. In this motion Defendant seeks bail pending that appeal.

**LAW AND ANALYSIS**

Pursuant to 18 U.S.C. § 3143, a person found guilty of an offense and sentenced to a term of imprisonment shall be detained unless he or she can establish by clear and convincing evidence the following: 1) that he or she is not likely to flee or pose a danger to the safety of another person or the community; and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of

imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. The statute creates a presumption against release pending appeal. United States v. Vance, 851 F.2d 166, 168-69 (6th Cir. 1988).

Although defendant Johnson argues that he is not a danger to the community and not a flight risk, the court cannot agree. Courts look to more than whether the defendant has been guilty of physical violence. A court must consider the nature and seriousness of the offense(s), the weight of the evidence against the defendant, the defendant's character, family and community ties, past conduct, and the nature and seriousness of the danger to any person or the community that may be posed by the defendant's release. Id. at 169. Past criminal conduct and connection to weapons may be considered in assessing the general risk of the defendant's danger to the community. Id. at 169-70.

In this case defendant Johnson has been convicted of three crimes involving the use or possession of firearms, committing two armed robberies within days of one another in 2007. Those robberies involved the danger of physical violence because victims were threatened when they were held-up at gunpoint by a group of armed men. Despite those convictions, Defendant armed his home and his person with firearms, knowing he was prohibited from doing so. His violent criminal history and readiness to surround himself with firearms that he keeps loaded demonstrate the danger he presents to the community.

In addition, defendant Johnson has failed to overcome the presumption that he is a flight risk. According to his probation officer in Geogia, Johnson gave the officer an address where he never lived. Johnson absconded from probation and relocated to Michigan without advising probation that he was moving to another state, despite knowing that he was obligated to do so. Even when he was

contacted by U.S. Marshals in Florida and advised of the warrant for his arrest, Johnson told them he would be turning himself in; however, he never did.  Although Defendant claims that he has no reason to leave Michigan because his girlfriend and his son reside here, Defendant's parents and siblings reside in Florida and Georgia; and his son from a previous relationship resides with the child's mother in Georgia.  Johnson has provided no assurance that he would not abscond as he has in the past.  Based on these reasons alone, the court finds that defendant Johnson has failed to rebut the statutory presumption against release pending appeal.

## ORDER

It is hereby **ORDERED** that defendant Tremaine Johnson's April 20, 2015 Motion for Bail Pending Appeal is **DENIED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  May 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 21, 2015, using the ECF system.

                                                s/William Barkholz
                                                Case Manager