UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                        Case No. 13-20471

v.                                  Honorable John Corbett O'Meara

TREMAINE JOHNSON,

      Defendant.

_____/

**OPINION AND ORDER DENYING**
**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

This matter came before the court on Tremaine Johnson's January 18, 2017

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person

in Federal Custody. The government filed a response February 13, 2017; and Johnson

filed a reply February 27, 2017. No oral argument was heard. LR 7.1(f)(2).

Johnson brought this motion to vacate his sentence under 28 U.S.C. § 2255 after

being convicted of being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1). Johnson was released from federal custody September 16, 2016, and is

currently in state custody in Florida, serving time for a parole violation stemming

from the federal firearm conviction.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2255(a),

A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Under 28 U.S.C. § 2255(b), evidentiary hearings are not required if "the motion and the files and records of the case conclusively show that prisoner is entitled to no relief."  Because the files and records of this case conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is unnecessary; and the court will rule on this matter on the briefs submitted.

"If a prisoner has already served the sentence which he is attacking by the proceeding under Sec. 2255, he is not in custody and cannot maintain the proceeding." Duggins v. United States, 240 F.2d 479 (6th Cir. 1957).  Since Johnson has completed his federal sentence and is currently in state custody on a probation violation, he is not currently serving a sentence under a judgment that he now attacks with his § 2255 motion.  Therefore, the court cannot grant the relief requested.

Furthermore, even in Johnson were still serving his federal sentence, he has procedurally defaulted on his five claims for relief.  His second claim for relief–that

his conviction was obtained by an improperly admitted confession and hearsay evidence–was asserted in his first appeal and denied, thereby foreclosing any relief here. DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). The other four claims for relief could have been raised in his direct appeal; however, Johnson failed to do so. Accordingly, those are procedurally defaulted. Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003).

A certificate of appealability must issue before a petitioner may appeal a district court's denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case the court concludes that reasonable jurists would not find the court's assessment of Petitioner's claims debatable or wrong. Accordingly, the court will decline to issue a certificate of appealability.

## **ORDER**

It is hereby **ORDERED** that Tremaine Johnson's January 18, 2017 Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

It is further **ORDERED** that the court **DECLINES TO ISSUE** a certificate of appealability.

s/John Corbett O'Meara
United States District Judge

Date: April 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 11, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager