UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v

       Case No. 13-cr-20471

TREMAINE BERNARD JOHNSON,

       HON. MARK A. GOLDSMITH

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE (Dkt. 166)

This matter is before the Court on Defendant Tremaine Bernard Johnson's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 166). For the reasons that follow, the Court denies his motion.

### I. BACKGROUND

Following a jury trial, Johnson was found guilty of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), with one count relating to his possession of a rifle and the other count related to his possession of a pistol.[1] See 1/27/15 Judgment (Dkt. 84). He was sentenced on January 27, 2015, to 60 months' imprisonment and two years of supervised release on each count, to run concurrently. Id. Johnson appealed his convictions, and the Government conceded on appeal that Johnson's conviction relating to possession of the rifle could not stand. United States v. Johnson, 803 F.3d 279, 281 (6th Cir. 2015) ("Johnson I"). The Sixth Circuit vacated the conviction for possession of the rifle and remanded for resentencing with

---

[1] This case was originally assigned to the Honorable John Corbett O'Meara, who presided over the trial, the first sentencing that took place on January 27, 2015, and the resentencing that took place on January 14, 2016. The case was reassigned to the undersigned on January 10, 2018, following the Sixth Circuit's second remand for resentencing.

respect to the conviction for possessing the pistol. Id. at 284-285. However, the Sixth Circuit otherwise affirmed Johnson's conviction. Id.

On January 14, 2016, the trial judge resentenced Johnson to 45 months' imprisonment and two years of supervised release. 1/14/16 Judgment (Dkt. 102). Johnson subsequently appealed the conditions of his supervised release. 2/13/17 Order at 1 (Dkt. 113). On February 13, 2017, the Sixth Circuit vacated the sentence and remanded with instructions that the district court fully explain why it imposed certain conditions of supervised release. Id. at 4.

While Johnson's second appeal was pending, he filed a motion to vacate, set aside, or correct his sentence under § 2255. 2017 Mot. to Vacate (Dkt. 109). On April 11, 2017, the trial judge denied the motion. 4/11/17 Order (Dkt. 118). Johnson filed for a certificate of appealability, which the Sixth Circuit denied on the ground that the judgment challenged in the motion had been vacated in the Sixth Circuit's February 13, 2017 order. 1/17/18 Order at 3 (Dkt. 141). Accordingly, the Sixth Circuit reasoned that upon resentencing, Johnson would have an opportunity to challenge the amended judgment through direct appeal and collateral attack. Id.

Johnson appeared for a second resentencing hearing on May 30, 2018. Prior to the hearing, he filed a motion challenging the Court's jurisdiction, which the Court denied on the record. Hr'g Tr. at 3-4, 11-13 (Dkt. 157). The Court then resentenced Johnson to two years of supervised release and explained the conditions of his supervised release.[2] Id. at 13-15. Johnson again appealed his sentence, raising his argument challenging the district court's jurisdiction. United States v. Johnson, 932 F.3d 965, 968 (6th Cir. 2019) ("Johnson II"). The Sixth Circuit rejected this argument and affirmed Johnson's conviction and sentence. Id.

---

[2] At the time of this resentencing, Johnson had already served his sentence and been released from federal custody. See 4/11/17 Order at 2.

2

Johnson has now filed a second motion to vacate. This motion must be denied, as the issues presented in the motion were either previously resolved by the Sixth Circuit on direct appeal or were procedurally defaulted when they were not raised on appeal.

## II. ANALYSIS

In his motion to vacate, Johnson raises the following four grounds for relief: (i) that his right to a speedy trial was violated, (ii) that his right to a fair trial was violated when the trial judge commented that the evidence showed that the weapons at issue travelled in interstate commerce, (iii) that his right to a fair trial was violated when the prosecutor threatened a defense witness, and (iv) that his right to due process was violated when the Court exercised jurisdiction over this case. Mot. at 1-3.

The second and fourth grounds were previously resolved by the Sixth Circuit. In Johnson I, the Sixth Circuit found that the trial judge's comments regarding interstate commerce came "close to crossing the line," but it ultimately determined that reversal was unnecessary. 803 F.3d at 284. And in Johnson II, the Sixth Circuit rejected Johnson's jurisdictional challenge. 932 F.3d at 968. "Absent exceptional circumstances, or an intervening change in the case law," a § 2255 petition may not be used to relitigate an issue previously decided on direct appeal. Wright v. United States, 182 F.3d 458, 467 (6th Cir. 1999). Here, Johnson has shown neither exceptional circumstances nor a change in the law warranting re-litigation of these issues. The Court, therefore, declines to address these two grounds for relief.

The remaining two grounds, concerning Johnson's speedy trial rights and allegations of prosecutorial misconduct, were legal matters that were known to Johnson at the time he filed his first direct appeal. Yet, he did not raise these issues before the Sixth Circuit. As a general rule, "where the defendant has failed to assert his claims on direct appeal and thus has procedurally

3

defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003); see also Massaro v. United States, 538 U.S. 500, 504 (2003) (with the exception of ineffective assistance of counsel claims, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"); Poulsen v. United States, 717 F. App'x 509, 513 (6th Cir. 2017) (affirming a district court's dismissal of prosecutorial misconduct claims on collateral review where the defendant failed to raise the issue on direct appeal). Here, Johnson has not shown good cause in his opening brief for his failure to raise these arguments on appeal, nor has he filed a reply addressing the issue. Accordingly, he has procedurally defaulted on these two issues.

## III.  CONCLUSION

For the reasons discussed above, the Court denies Johnson's motion to vacate his sentence (Dkt. 166).

SO ORDERED.

Dated: March 23, 2021  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2021.

s/Karri Sandusky
KARRI SANDUSKY
Case Manager